IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CT-3078-FL

| | |
|---|---|
| HASSIE-DEMOND NOWLIN WE THE PEOPLE, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )      ORDER<br>)<br>) |
| STATE OF NORTH CAROLINA, GUILFORD COUNTY, CITY OF GREENSBORO, B.J BARNS, LINDSAY R. DAVIS, ROY COOPER, DOUG HENDERSON, JODI BARLOW, CHARLES BLACKMON, T.J. CARTER, YVONNE J. JOHNSON, NATHAN JOYCE, WAYNE SCOTT, JESSUP TORRE, VICKI POPE, MARION WARREN, J.P. JAMEISON, 100 JOHN DOE(S), INDIVIDUAL DEFENDANTS AND ALL THOSE SIMILARLY SITUATED, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

Plaintiff, a federal inmate, has initiated a pro se civil lawsuit. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915(e)(2). Also before the court are several motions filed by plaintiff (DE 9, 10, 11, 12).

A.  Frivolity Review

Title 28 U.S.C. § 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A complaint is frivolous where "it lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on

an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328.

Here, plaintiff seeks to report alleged wrongdoing by state officials to federal authorities. Although his complaint is not a model of clarity, plaintiff appears to allege that North Carolina officials are unfairly enforcing traffic laws. The complaint does not describe how defendants violated plaintiff's constitutional rights, but rather simply lists state traffic court practices that plaintiff believes violate federal law. Plaintiff purports to bring this action on behalf of those harmed by these alleged violations.[1] The named defendants include numerous John Does, as well as individuals who are immune from suit. As relief, he seeks the institution of federal criminal proceedings against the named defendants. Plaintiff also requests that "all cases dealing with . . . operating a motor vehicle . . . be vacated and judgments voided from 2000 to 2018." (Compl. (DE 1) at 14).

Plaintiff's claims are frivolous. First, plaintiff cannot have this court prosecute criminal charges against defendants or others as "[n]o citizen has an enforceable right to institute a criminal prosecution." Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, prosecutorial discretion does not reside in the judicial branch. The decision whether or not to prosecute, and what

---

[1] To this end, plaintiff has captioned his case as being brought by "We the People."

charge to file or bring, generally rests within the prosecutor's discretion. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978).

Similarly, plaintiff does not have standing to request relief on behalf of others. See Hummer v. Dalton, 657 F.2d 621, 635-26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others). Nor may he seek class certification. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (the Fourth Circuit does not certify a class where a pro se litigant will act as the representative of that class); see also Hafner v. Office of Thrift Supervision, 977 F.2d 572 (4th Cir. 1992) (holding that, because plaintiff is pro se and is not an attorney, although he filed pleadings purporting to represent a group, he is "barred from representing anyone other than himself.")(unpublished).

Finally, any attempt to vacate and void a state criminal judgment against him must be brought in a habeas petition after plaintiff has exhausted his state post-conviction remedies. See Edwards v. Balisok, 520 U.S. 641, 648 (1997) (A "claim for declaratory relief and money damages . . . that necessarily imply the invalidity of the punishment imposed [ ] is not cognizable under § 1983.").

In sum, plaintiff has failed to state a viable claim, and further amendment would not cure the deficiencies in plaintiff's complaint. For these reasons, plaintiff's complaint is DISMISSED as frivolous.

B.  Plaintiff's motions

Plaintiff first requests that the court appoint the United States Marshal Service to make service on his behalf (DE 9). Based on the dismissal of his claims, this motion is DENIED as moot.

In addition, plaintiff requests an order directing prison officials to provide the court with a certified copy of his trust fund account statement (DE 10). This information has already been

3

Case 5:18-ct-03078-FL    Document 14    Filed 01/03/19    Page 3 of 4

provided to the court (DE 6), and plaintiff's motion to proceed without the prepayment of fees was granted (DE 8). Accordingly, this motion is also DENIED as moot.

Next, plaintiff seeks leave to proceed without the paying of any filing fees (DE 11). As noted, the court has already granted plaintiff leave to proceed without the prepayment of fees. To the extent plaintiff seeks a complete waiver of the filing fee, that request is DENIED. A prisoner granted leave to proceed without the prepayment of fees must still pay the full filing fee, which is deducted from his trust account at a predetermined rate. See 28 U.S.C. § 1915(a).

Finally, plaintiff seeks an accounting of the fees that have been deducted to from his trust account in connection with this case (DE 12). The court has already provided plaintiff with this information (DE 13). Accordingly, this motion is DENIED as moot.

## CONCLUSION

Based on the foregoing, plaintiff's action is DISMISSED with prejudice as frivolous. This dismissal counts as a strike under the Prison Litigation Reform Act. See 28 U.S.C. § 1915(g) (providing that prisoner may not proceed in forma pauperis if he has on three or more occasions brought an action or appeal in federal court that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted). Plaintiff's pending motions (DE 9, 10, 11, 12) are DENIED, and the clerk of court is DIRECTED to close this case.

SO ORDERED, this 3rd day of January, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge